Daniel, Judge.
 

 This is a writ of
 
 Recordari,
 
 removing into the Superior Court an inquisition and proceedings, had before justices under the statute of
 
 Forcible entry and Detainer.
 

 In the Superior Court the defendants moved to quash, first, on the ground that the
 
 term
 
 of the relator was not set out in the yerdict of the jury of inquisition.- The verdict states
 
 *329
 
 that the relator “ was possessed as tenant for years of the heirs of James Holland.” This, we think, is sufficient. The 6th section of our act of Assembly (Rev. St. c. 49) is copied from the stat. 21 Jac. 1 c. 15. Under that statute, the verdiet must shew that the party injured was possessed of such an estate as will bring him within its provisions; and upon this ground, it has been resolved that such a verdict, setting forth in general that the party was possessed, or that he was possessed for a certain term, without adding, that it was for years, is not good. 1 Hawk. PL C. 505, sec. 38. But if the verdict finds that the person entered upon was possessed for a certain term of years, it is good and sufficient. The verdict in this case has found that the relator was possessed of such an estate, as brings him within the 6th section of our' act of Assembly.
 

 The
 
 second
 
 ground, taken by the defendants to quash, was that the relator had elected to proceed by indictment. There is nothing in the case sent here to shew, that an indictment had ever been preferred; much less a conviction or acquittal on it. The act of Assembly does not give to the justice any power to fine. The court was correct in overruling both positions taken. The defendants then tendered a
 
 traverse;
 
 the court received it, and caused a jury to be impannelled, when, as the case states, a judgment of nonsuit was entered. We are of the opinion that the court erred in permitting a traverse in this case. In England, under their statutes, an' inquisition taken before justices is frequently
 
 ex parte
 
 and in the nature of a bill of indictment. If the jury find the original entry to be illegal and a forcible detainer, the justice cannot award restitution, without giving the defendant an opportunity of traversing the inquisition; he should call him to answer, for no one ought to suffer without an opportunity to defend himself. 1 Hawk. P. C. 541, sec, 60. If the defendants have notice, they may tender a
 
 traverse
 
 to the inquisition, (it must be in writing, it is said;) and then the justices or justice should award a
 
 venire facias,
 
 whereon a traverse jury must be returned to try the force and other material allegations. 1 Hawk. P. C. 541, 2 Chitty’s Gen. Prac. 240, 241. And no restitution shall be awarded until the tra
 
 *330
 
 verse jury find the force, unless-the defendant should
 
 decline
 
 3 Salk. 169. 2 Chit. Gen. Prac. 241. If the de„ fondants decline
 
 to- traverse,
 
 it is then like a submission to an indictment, and the judgment may be rendered. In ^ case
 
 before
 
 us the defendants
 
 had
 
 actually all the benefit of a traverse before the jury that took the inquisition. They were present and examined witnesses;
 
 they
 
 declined to tender any formal traverse to the inquisition, which was found, -and therefore the award of restitution by the justices was agreeable to law. The defendants, when they obtained this
 
 recordari,
 
 did not make any affidavit of misconduct or irregularity in"the justices, in receiving improper testimony or refusing proper testimony, or otherwise. If there had been misconduct in- the- justices, it certainly could have been corrected in the Superior Court. 2 Chitt. Gen. Pr. 241.
 
 Rex
 
 v.
 
 Jones, 1
 
 Stra. 474 Bac. ab. Forcible Entry, G. The mode of correcting it is, on a motion for a
 
 certiorari,
 
 to state explicitly all the objections to the proceedings; and if it be apprehended that the justices will not faithfully return all the proceedings- as they occurred, but will attempt to state them in an improved manner, then, upon a special- affidavit of the facts, a
 
 mandamus
 
 as well as a
 
 certiorari
 
 may be obtained to compel them to return every stage of document and proceeding according to the facts. And if the court should be of opinion against the sufficiency of the proceedings before the justices, they will then quash the conviction, and must, as of course, issue a writ of re-restitution. 2. Chitt. Gen. Pr. 241. The power given to justices to
 
 make inquisition of forcible
 
 entry and detainer is summary; and it was intended that justice should be done in an exp
 
 editions
 
 manner. There is no appeal gi-ven by the statute. If the defendants have notice and the traverse jury find the force,, and the proceedings are- regular, or if the defendants decline to traverse, they must restore the possession-,, if the relator be tenant for years, or has a greater estate in the land-. If the defendants have any title, they must bring their action of ejectment, and obtain possession in a peaceable manner.
 

 This case, as it stood before the Superior Court, was only in the nature of a writ.of error. The duty of the court, on
 
 *331
 
 a motion to quash, was only to examine the case recorded and sent up there, and see whether the taking; of the inquisition and the awarding of restitution by the justices were agreeable to law.
 

 We are of the opinion that the order made, permitting the defendants to traverse the inquisition in the Superior Court, and the proceedings on that traverse, must be reversed, and that judgment be rendered, affirming the proceedings before the justices.
 

 Per Curiam. Judgment accordingly.